OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
*1000 In an apparent case of first impression in this state, this court holds that the source codes for the Intoxilyzer 5000 are not discoverable.
The defendant is charged with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). In addition to items contemplated by CPL 240.20 (1), he moves for an order directing the People to produce the source code[1] of the Intoxilyzer 5000 used in this case, “reports concerning the operation and maintenance of the machine, simulator solution analysis, certificate of calibration, device manuals, maintenance manuals and schematics, changes made to the device and tollbooth video.”
Facts
The People concede that some of the items sought by the defendant are discoverable. Although the defendant concedes that the Intoxilyzer 5000 is an approved device for measuring blood alcohol content, he contends that there “is no way of telling just what software version must be loaded to meet the criteria for approval.” The People argue: (a) the source code is not discoverable; (b) the issue of reliability of the Intoxilyzer 5000 has been foreclosed by the Legislature and courts; (c) the source code does not affect the reliability of the Intoxilyzer 5000; and (d) the People do not have actual or constructive possession of the source code.
Discussion
According to 2-21 Defense of Drunk Driving Cases: Criminal, Civil § 21.06 (Matthew Bender & Co. 2007):
“The Intoxilyzer 5000 has undergone a number of changes since its introduction in 1983. Accordingly, the so-called ‘Intoxilyzer 5000’ is not a single instrument, but a series of instruments, all called the Intoxilyzer 5000, but with significant differences. Changes have been made to increase stability, increase specificity (reduce potential of effects due to interfering substances), increase accuracy (especially at low breath-alcohol concentrations (BrACs)), and increase data handling capability and remote access.”
It is an undisputed fact that the People do not actually or constructively possess the source code. The defendant’s reli *1001 anee on State v Muldowny (871 So 2d 911 [Fla 5th Dist Ct App 2004]) is inapposite. In Muldowny, the Florida court imposed sanctions against the prosecutor for not producing the operator’s manual, maintenance manual, and schematic for the Intoxilyzer 5000. However, in Moe v State (944 So 2d 1096 [Fla 5th Dist Ct App 2006], reh denied Jan. 8, 2007), the same court that decided Muldowny, held that the defendant was not entitled to the Intoxilyzer 5000 source code because the state did not possess it, and because it was the property of a corporation that invoked statutory and common-law privileges protecting the code from disclosure, thereby making it unobtainable. The court in Moe pointed out that those facts were not contemplated in Muldowny.
This court has found no case law holding that a defendant is entitled to the Intoxilyzer 5000 source code. Other courts have, however, found that it is not discoverable.[2]
This court holds that the public policy of this state recognizes that the Intoxilyzer 5000 is a rehable machine, included in the Department of Health schedule, satisfying its criteria for reliability (10 NYCRR 59.4; see People v Summa, 140 Misc 2d 763 [Suffolk Dist Ct 1988]; People v Gallagher, 132 Misc 2d 195 [Suffolk Dist Ct 1986]). Absent evidence to the contrary, such instruments are sufficiently reliable to permit the admissibility of test results without expert testimony (People v Hampe, 181 AD2d 238, 241 [3d Dept 1992]). It is incumbent on the defendant to show that a software change has altered the reliability of the machine. Furthermore, this court will not assist the defendant in his proposed fishing expedition for trade secrets held by a third party. The defendant has not provided the court with a reasonable basis to believe that any software changes and upgrades have caused the Intoxilyzer 5000 used in this case to be unreliable.
After reviewing counsel’s submissions, it is hereby ordered that defendant’s motion for an order directing the People to produce the source code of the Intoxilyzer 5000 used in this case, device manuals, maintenance manuals and schematics, and software changes made to the device, is denied; and it is *1002 further ordered that, to the extent provided by CPL article 240, the People shall comply with the defendant’s other discovery requests.

. The source codes are the computer instructions followed by a computing device in processing information.

. State v Burnell (2007 WL 241230, 2007 Conn Super LEXIS 157 [Super Ct 2007, Scheinblum, J.]) and State v Walters (2006 WL 785393, 2006 Conn Super LEXIS 726 [Super Ct 2006, Marano, J.]) hold that a prosecutor is not required to obtain and produce Intoxilyzer 5000 source codes.